**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KEVIN D. LOGGINS, Sr.,**

**Petitioner,**

**v.** **CASE NO. 99-3102-SAC**

**ROBERT D. HANNIGAN,**
**et al.,**

**Respondents.**

**O R D E R**

This pleading entitled "Motion to Vacate Judgment as Null and Void" was filed by Mr. Loggins who is an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed an unnecessary Motion for Leave to Proceed in forma pauperis, which shall be denied as moot.

In this pleading, Mr. Loggins moves the court to vacate the judgment entered in this case in 2001 denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In his "Memorandum in Support of Motion to Vacate," petitioner argues that the court lacked jurisdiction based on challenges to his state court conviction, and again claims that the Sedgwick County District Court failed to arraign him because he was not present, and that the state criminal judgment is void as a result. The court finds that this action is another attempt by Mr. Loggins to file a successive federal habeas corpus petition. See Gray v. Mullin, 171 Fed.Appx. 741, 743, 745 FN1 (10th Cir. 2006), cert. denied, 549 U.S. 905 (2006).

28 U.S.C. § 2244(a) pertinently provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

Id. Section 2244(b) pertinently provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Id.

In this § 2254 habeas corpus action filed by Mr. Loggins in 1999, he challenged his convictions in Case No. 95-CR-1859. The first federal petition was denied on the merits on September 11, 2001. In addition, petitioner filed a Motion for Reconsideration

of the denial of his first habeas petition, and that motion was denied on October 5, 2001. He appealed to the Tenth Circuit Court of Appeals, which denied a certificate of appealability and dismissed the appeal. In his motion for reconsideration, Mr. Loggins sought a stay while he exhausted additional arguments in state court. However, the district court found, and the Tenth Circuit cited its finding, that "any issues petitioner seeks to exhaust are already foreclosed as untimely under 28 U.S.C. § 2244(d)(1), and petitioner cannot possibly show that he exercised due diligence in raising his claims." From the foregoing, the court concludes that the instant application is a second and successive petition. Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), cert. denied, 535 U.S. 973 (2002).

Under 28 U.S.C. § 2244(b)(3)(A),[1] a second or successive petition for writ of habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the district court to consider the petition. See also Gonzalez v. Crosby, 545 U.S. 524 (2005)("any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence," and "before the district court may accept a

[1] § 2244(b)(3)(A) provides in pertinent part:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.")(citing § 2244(b)(2),(3)).

Petitioner in this case did not comply with the provisions of § 2244(b)(3)(A), but filed his motion/application without obtaining prior authorization from the Tenth Circuit Court of Appeals. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); see United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). This district court may either transfer this action to the Tenth Circuit pursuant to 28 U.S.C. § 1631[2] for prior authorization, if it finds it is in the interest of justice to do so, or dismiss the matter for lack of jurisdiction. Cline, 531 F.3d at 1252. The court finds that the interest of justice would not be served by transfer of the instant matter to the Tenth Circuit, and that it should be dismissed instead.

The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal

---

[2] Section 1631 provides in relevant part:

> Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit. See Cline, at 1251. The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, making it difficult for petitioner to show that the initial filing of his petition in this Court was done in good faith. See id. at 1252. Moreover, the one-year statute of limitations has clearly expired for any attempt to amend his first petition to add a new claim. See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000). In any event, this second and successive habeas application is filed over ten years after his first petition was denied. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Because this case is time-barred, the court concludes that transfer of this action would not serve the interests of justice. Petitioner has been previously advised of all the foregoing, most recently in Loggins v. Kansas Dept. of Corrections, 11-3106-SAC (July 6, 2011).

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc.34) is denied as unnecessary and moot.

**IT IS FURTHER ORDERED** that this motion to vacate judgment (Doc. 32) is treated as a successive § 2254 application and dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge